UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO: 07-343 |
| ERNEST TURNER | SECTION: "J" (5) |

### ORDER AND REASONS

Before the Court are Petitioner **Ernest Turner's Motion Pursuant to 28 U.S.C. § 2255 (Rec. Doc. 354)**, the **Government's Opposition (Rec. Doc. 369)**, and Petitioner's **Reply (Rec. Doc. 371)**.

### PROCEDURAL HISTORY AND BACKGROUND FACTS

On November 29, 2007, Petitioner was indicted for conspiring to distribute and possess with the intent to distribute cocaine hydrochloride. On December 6, 2007, following the indictment, the Government applied for and received a search warrant for 2556 Crestridge Circle, Marrero, Louisiana. Petitioner was arrested and pled not guilty.

On March 31, 2008, Petitioner filed a motion to suppress the evidence seized pursuant to the Crestridge Circle warrant, which the Court denied on April 30, 2008 (Rec. Doc. 102).

Petitioner's first jury trial resulted in a hung jury, and the second jury trial resulted in a guilty verdict on November 20, 2008. The Court denied Petitioner's motion for acquittal or a new trial and sentenced him for a 365-month term of imprisonment. Petitioner timely appealed, and the Fifth Circuit affirmed his conviction and sentence. On January 7, 2010, the Fifth Circuit reviewed this Court's denial of Petitioner's motion to suppress de novo and concluded that the "good-faith exception does apply here" and that there was "no error in the district court's denial

of Turner's suppression motion." (Rec. Doc. 302 at 3-4.) On April 30, 2010, the Supreme Court denied Petitioner's Petition for writ of certiorari.

Petitioner filed the instant motion on April 18, 2011.

## PARTIES' ARGUMENTS

Petitioner challenges his conviction on one ground–that his counsel was ineffective for failing to object to the search warrant pursuant to Franks v. Delaware or for lack of nexus.

The Government responds that the sole ground raised by Petitioner is factually in error.

## DISCUSSION

The burden of proof in habeas proceedings alleging ineffective assistance of counsel is on Petitioner. United States v. Chavez, 193 F.3d 375, 378 (5th Cir.1999) (citing Clark v. Collins, 19 F.3d 959, 964 (5th Cir.1994)). Specifically, Petitioner must prove two separate components. First, Petitioner must show that counsel's performance was deficient in that the errors made by counsel were "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland v. Washington, 466 U.S. 668, 687 (1984). Second, Petitioner must show that the deficient performance prejudiced the defense, the errors made by counsel being "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Id.

Petitioner cannot possibly meet either of the Strickland prongs because his counsel did in fact object to the Crestridge Circle search warrant. His counsel filed a motion to suppress (Rec. Doc. 85), arguing that the affidavit authored by DEA Agent Simone (which secured the warrant) and the subsequent search were constitutionally defective for multiple reasons. The Court entertained oral argument on the motion and denied it, finding that the warrant fell within the

good-faith exception. The Fifth Circuit reviewed and upheld the Court's findings.

Petitioner had effective counsel who advanced the arguments that Petitioner wants to bring to the Court again. Petitioner has not alleged a failure by his counsel to deem him ineffective.

**IT IS ORDERED** that **Ernest Turner's Motion Pursuant to 28 U.S.C. § 2255 (Rec. Doc. 354)** is hereby **DENIED.**

New Orleans, Louisiana, this 17th day of June, 2011.

_____
CARL J. BARBIER
UNITED STATES DISTRICT COURT